IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION


TIMOTHY T. GRIFFIN,
      Plaintiff,

vs.                                  Case No. 3:07cv28/LAC/EMT

JAMES McDONOUGH, et. al.,
      Defendants.
_____/

## **ORDER**

      This cause is before the court upon Plaintiff's filing a civil rights complaint under 42 U.S.C. § 1983 (Doc. 1). Leave to proceed in *forma pauperis* has been granted (*see* Doc. 7). Plaintiff's complaint, however, was referred to the undersigned with the following deficiency:

> The document does not contain Plaintiff's original signature. An original signature must be affixed to any document filed in paper form. *See* Fed. R. Civ. P. 11(a); N.D. Fla. Loc. R. 5.1(B)(5).

Notwithstanding this deficiency, in the interest of efficiency, the court has reviewed the complaint and it is evident that the facts as presented fail to support a viable claim for relief under section 1983 as to the named Defendants. The court will therefore allow Plaintiff an opportunity to clarify his allegations in an amended complaint. The court also advises Plaintiff that future pleadings filed with this court will not be accepted unless they comply with the local rules.

      As factual support for his claim, Plaintiff alleges that he was transferred "from Union C.I. to Santa Rosa C.I. . . . [with] half of [his] personal property [] missing" (Doc. 1 at 7). Plaintiff asked "Officer Davis about [Plaintiff's] missing property and [Officer Davis] told [Plaintiff] that he would go and look for the rest of [Plaintiff's] property" (*id.*). Plaintiff alleges Officer Davis never returned with his missing personal property (*id.*). Plaintiff inquired several times about his missing property

but received no response from prison officials, including Warden David Ellis (*id.*).  Plaintiff then filed several grievances which were denied (*id.*; *see id.* at 9–16).

Plaintiff alleges that he has been denied the constitutional right "[t]o possess [his] personal property" (*id.* at 8).  Essentially, Plaintiff claims that Defendants deprived him of property without affording him pre-deprivation process in violation of his procedural due process rights (*id.*).  As relief, Plaintiff seeks injunctive relief or, in the alterative, compensatory damages (*id.*).

It is well established that negligent or intentional deprivations of property resulting from random, unauthorized acts of government officials do not become due process violations when there exist adequate remedies under state law for Plaintiff to seek redress for the deprivation.  Hudson v. Palmer, 468 U.S. 517, 533, 104 S. Ct. 3194, 82 L. Ed. 2d 393 (1984); Parratt v. Taylor, 451 U.S. 527, 543-44, 101 S. Ct. 1908, 1917, 68 L. Ed. 2d 420 (1984), *overruled on other grounds*, Daniels v. Williams, 474 U.S. 327, 106 S. Ct. 662, 88 L. Ed. 2d 662 (1986) (overruling Parratt to the extent that it states that mere lack of due care by a state official may "deprive" an individual of life, liberty, or property under the Fourteenth Amendment); Rodriguez-Mora v. Baker, 792 F.2d 1524, 1527 (11th Cir. 1986).  Because Florida Statutes section 768.28 (1993) provides a remedy for the deprivation of Plaintiff's property, he cannot maintain a section 1983 action based on the alleged deprivation.  Moreover, Plaintiff has not alleged that he is without an adequate post-deprivation remedy for Defendants' alleged unconstitutional taking of his property.  Accordingly, Plaintiff has failed to state a due process claim and, unless sufficient facts exist and are alleged in support, his claim is subject to dismissal.

Plaintiff should carefully review the foregoing to determine whether he desires to proceed with this action.  If Plaintiff determines that he does not, he should file with the court a notice of voluntary dismissal.  If Plaintiff chooses to file an amended complaint, he must completely fill out a new civil rights complaint form, marking it "**Amended Complaint**."  Plaintiff must limit his allegations to claims related to the same basic incident or issue and name as Defendants only those persons who are responsible for the alleged constitutional violations.  Plaintiff must place their names in the style of the case on the first page of the civil rights complaint form, and include their addresses and employment positions in the "Parties" section of the form.  In the statement of facts, Plaintiff should clearly describe how each named Defendant is involved in each alleged

constitutional violation, alleging the claims as to each Defendant in separately numbered paragraphs and including specific dates and times of the alleged unconstitutional acts. If Plaintiff cannot state exactly how a particular Defendant harmed him, he should delete or drop that person as a Defendant from his complaint. In the section entitled "Statement of Claim," Plaintiff must state what rights or statutes he contends have been violated, and he must provide support in the statement of facts for the claimed violations. Plaintiff is advised that the amended complaint must contain all of his allegations because once an amended complaint is filed, all earlier complaints and filings are disregarded. N.D. Fla. Loc. R. 15.1.

Accordingly, it is **ORDERED**:

1.      The clerk is directed to forward to Plaintiff a complaint form for use in prisoner actions under 42 U.S.C. §1983. This case number should be written on the form.

2.      Plaintiff shall have **THIRTY (30) DAYS** in which to file either an amended complaint, which shall be typed or clearly written and submitted on the court form, or a notice of voluntary dismissal.

3.      Failure to comply with the foregoing as instructed will result in a recommendation of dismissal of this action.

**DONE AND ORDERED** this 30<u>th</u> day of January 2007.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**