IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

TIMOTHY T. GRIFFIN,
    Plaintiff,

vs.                                        Case No. 3:07cv28/LAC/EMT

SGT. PESTA, OFFICER DAVIS,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

    This cause is before the court upon Plaintiff's filing an amended civil rights complaint under 42 U.S.C. § 1983 (Doc. 9). Leave to proceed in forma pauperis has been granted (*see* Doc. 7).

    Because Plaintiff is proceeding in forma pauperis, the court may dismiss the case if satisfied that the action is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. §1915(e)(2)(b). A complaint is frivolous "where it lacks an arguable basis either in law or in fact." *See* Neitzke v. Williams, 490 U.S. 319, 325, 109 S. Ct. 1827, 1833, 104 L. Ed. 2d 338 (1989). Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," *id.*, 490 U.S. at 327, or when the claims rely on factual allegations that are "clearly baseless." *See* Denton v. Hernandez, 504 U.S. 25, 31, 112 S. Ct. 1728, 1733, 118 L. Ed. 2d 340 (1992). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). *See* Mitchell v. Farcass, 112 F.3d 1483, 1485 (11th Cir. 1997). The allegations of the complaint are taken as true and are construed in the light most favorable to Plaintiff. Davis v. Monroe County Bd. of Educ., 120 F.3d 1390, 1393 (11th Cir. 1997). The complaint may be dismissed only if it appears beyond doubt that Plaintiff can prove no set of facts that would entitle him to relief. Brown v. Budget Rent-A-Car Systems, Inc., 119 F.3d 922, 923 (11th Cir. 1997). Upon review of Plaintiff's complaint, the court concludes that it does not present

an actionable claim.

     Plaintiff alleges that he was transferred from another Florida correctional institution to Santa Rosa Correctional Institution ("SRCI"), and he arrived there on September 1, 2006 (*see* Doc. 9 at 7). Plaintiff alleges that upon his arrival at SRCI his personal property was inventoried outside of his presence, so he does not know at what point "half of [his] personal property came up missing" (*see id.*). Plaintiff alleges that on September 7, 2006, certain property was returned to him at SRCI, but the returned property did not include his chain, Casio watch, shoes, "8 cosmetics, "2 packs batters[sic]," a GPX radio, Koss Headphones, and ten packs of cookies (*id.*).[1] On December 15, 2006, while being transferred back to another Florida correctional institution from SRCI, Plaintiff inquired about his missing property, but he apparently was never able to locate it or take possession of it (*see id.*). He asserts that prison records will show "that none of the [] missing property was in [his] possession" when he arrived at the new institution (*id.*). Plaintiff filed an informal grievance and a formal grievance regarding his claim, but the grievances were denied (*see id.* at 3–4). Plaintiff appealed the denial of these grievances to the Secretary of the Department of Corrections ("DOC") without success (*see id.* at 3–4). Plaintiff claims that Defendants deprived him of property without affording him pre-deprivation process in violation of his procedural due process rights under the Fourteenth Amendment (*id.* at 8). For relief, Plaintiff seeks injunctive relief or, in the alterative, compensatory damages (*id.*).

     As Plaintiff was previously advised in an order directing him to amend his complaint (*see* Doc.8), it is well established that negligent or intentional deprivations of property resulting from random, unauthorized acts of government officials do not become due process violations when there exist adequate remedies under state law for Plaintiff to seek redress for the deprivation. Hudson v. Palmer, 468 U.S. 517, 533, 104 S. Ct. 3194, 82 L. Ed. 2d 393 (1984); Parratt v. Taylor, 451 U.S. 527, 543-44, 101 S. Ct. 1908, 1917, 68 L. Ed. 2d 420 (1984), *overruled on other grounds*, Daniels v. Williams, 474 U.S. 327, 106 S. Ct. 662, 88 L. Ed. 2d 662 (1986) (overruling Parratt to the extent that it states that mere lack of due care by a state official may "deprive" an individual of life, liberty,

---

[1] Although Plaintiff alleges this property was "missing," he also appears to allege that it was stored at SRCI during his incarceration there but never returned to him (*see* Doc. 9 at 7). Regardless of whether it was lost or stored and never returned to him, the legal analysis is the same.

Case No: 3:07cv28/LAC/EMT

or property under the Fourteenth Amendment); Rodriguez-Mora v. Baker, 792 F.2d 1524, 1527 (11th Cir. 1986).

In the instant case, the DOC provides an inmate grievance procedure for contesting misplaced or mishandled inmate property. In fact, Plaintiff alleges that he utilized this procedure by filing grievances with the institution and with the Secretary of the DOC regarding the alleged loss of his property. Furthermore, Florida Statutes section 768.28 (1993) provides a tort remedy for the alleged deprivation of Plaintiff's property; thus, he cannot maintain a section 1983 action based on the alleged deprivation. Under no set of facts can Plaintiff establish that these avenues for relief are constitutionally insufficient. Moreover, Plaintiff has not alleged that he is without an adequate post-deprivation remedy for Defendants' alleged unconstitutional taking of his property. Therefore, Plaintiff cannot state an actionable claim under the Due Process Clause.

Accordingly, it is respectfully **RECOMMENDED**:

That this action be **DISMISSED WITH PREJUDICE** for Plaintiff's failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

At Pensacola, Florida this 14th day of March 2007.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations may be filed within ten (10) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon the magistrate judge and all other parties. Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**